**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JIM HARRICK, SR., and : | |
| JIM HARRICK, JR., : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:04-CV-00541-RWS |
| : | |
| BOARD OF REGENTS OF THE : | |
| UNIVERSITY SYSTEM OF : | |
| GEORGIA, et al., : | |
| : | |
| Defendants. : | |

<u>ORDER</u>

Presently pending before the Court are the Motion for Judgment on the Pleadings by Defendants University of Georgia Athletic Association, Inc., Vincent J. Dooley, Amy Chisholm, and Edward D. Tolley regarding Plaintiff Jim Harrick, Jr.'s Defamation Claim [76]; Plaintiff's Motion to Compel Discovery [97]; and Plaintiff's Motion for Extension of Discovery [104]. After reviewing the entire record, the Court enters the following Order.

**Procedural History**

This suit arises out of Plaintiffs Jim Harrick, Sr. and Jim Harrick, Jr.'s prior employment as men's basketball coaches at the University of Georgia. On

February 26, 2004, Plaintiffs filed suit against various institutional and individual defendants, including the University of Georgia Athletic Association, Inc., Vincent J. Dooley, Amy Chisholm, and Edward D. Tolley ("UGAA Defendants").

As a result of a Motion to Dismiss filed by the UGAA Defendants, all of the claims of Jim Harrick, Sr. and all but the defamation claim of Jim Harrick, Jr. were dismissed. (February 25, 2005 Order [58] and May 2, 2005 Order [68].)

On June 9, 2005, the UGAA Defendants filed a Motion for Judgment on the Pleadings. On August 1, 2005, the Court entered an Order [88] converting the Motion for Judgment on the Pleadings to a motion for summary judgment and granting the parties additional time to supplement their briefs. Briefing was completed on September 8, 2005.

On September 26, 2005, Plaintiffs filed a Motion to Compel Discovery [97]. In their Motion, Plaintiffs sought to compel the depositions of Amy Chisholm, Vince Dooley, Michael Adams, Steve Shewmaker, Edward Tolley, Chris Howard, and Myles Brand. On October 17, 2005, Plaintiffs filed a Motion for Extension of Discovery Period [104] asserting a need to take the depositions of Vincent I. Dooley, Amy Chisholm, and Edward D. Tolley.

The Factual Background of this case is set out in the Court's February 25 Order [58] and will not be restated here.  Additional facts will be stated as they may relate to the motions before the Court.

## Discussion

Plaintiffs' Motion to Compel.

In their Motion to Compel, Plaintiffs seek to compel the depositions of Amy Chisholm, Vince Dooley, Michael Adams, Steve Shewmaker, Edward Tolley, Chris Howard, and Myles Brand.  The depositions were noticed over a series of dates beginning on September 12, 2005 and ending on October 7, 2005.  Thus, none of the depositions was scheduled before Plaintiffs' Response Brief was due on the converted Motion for Summary Judgment.  The Court recognizes that in their response, Plaintiffs requested additional time to complete discovery; however, Plaintiffs could not assume that that request would be granted, and the request does not justify their delay in pursuing discovery.  Further, in light of the grounds on which the Court grants summary judgment to the UGAA Defendants infra, there is no apparent necessity for the taking of the depositions.  Therefore, Plaintiffs' Motion to Compel [97] is hereby **DENIED**.

3

Plaintiffs' Motion for Extension of Discovery.

Plaintiffs moved for an extension of the discovery period so that the depositions of the UGAA Defendants could be taken.  Plaintiffs stated that the depositions were needed for their responses to the UGAA Defendants' Motion for Summary Judgment as well as the National Collegiate Athletic Association's ("NCAA") Motion for Summary Judgment.  Counsel for the NCAA agreed to the extension.  Although the depositions are no longer needed for the claim against the UGAA Defendants, Plaintiffs may still wish to take the depositions for use in their response to the NCAA's Motion for Summary Judgment.  Therefore, Plaintiff's Motion [104] is hereby **GRANTED**.  Discovery is extended for thirty (30) days from the date of the entry of this Order.  Plaintiffs may file a supplemental response brief to the NCAA's Motion for Summary Judgment within twenty (20) days of the close of the discovery period, and the NCAA may file a supplemental reply within ten (10) days of their receipt of the supplemental response.

UGAA Defendants' Motion for Summary Judgment.

UGAA Defendants' Motion for Judgment on the Pleadings [76] has been converted to a motion for summary judgment and is now before the Court for consideration.

4

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has recognized that this protection from suit also extends to bar suits against a state in federal court by its own

5

citizens. McClendon v. Ga. Dep't of Community Health, 261 F.3d 1252, 1256 (11th Cir. 2001).  Therefore, absent a waiver by the State or valid congressional abrogation, States and their agencies enjoy sovereign immunity pursuant to the Eleventh Amendment to the U.S. Constitution.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

The UGAA Defendants assert that Plaintiff's[1] claim against them is barred by the Eleventh Amendment.  Plaintiff responds that the UGAA "is a purely private entity, and is therefore entitled to no immunity."  Mem. of Law in Resp. to the Supplemental Submission by UGAA Defendants at 2.[2]  Plaintiff's position is contrary to allegations throughout his Complaint that the UGAA Defendants acted under color of state law and/or were acting as a state agency.  (Pls. Compl. ¶¶ 6, 29, and 39.)

Furthermore, this specific question was decided adversely to Plaintiff in Braswell v. Bd. of Regents of the Univ. System of Ga., 369 F. Supp. 2d 1371

---

[1] References in this section of the Order to Plaintiff are to Jim Harrick, Jr., who is the only Plaintiff with a claim remaining against the UGAA Defendants.

[2] In his response, Plaintiff initially requests that the Court delay ruling on the Motion for Summary Judgment until he completes additional discovery.  Because the Court finds that the legal issues addressed in this section are controlling, there is no reason to delay ruling on the merits of the Motion while Plaintiff conducts additional discovery.

6

(N.D. Ga. 2005). In <u>Braswell</u>, the University of Georgia cheerleading coordinator sued the UGAA when her employment was terminated. Like Plaintiff, Braswell asserted that the UGAA was a private entity but was acting under color of state law. The Court held:

> The Athletic Association is predominately a public entity. It is undisputed that the Athletic Association exists solely for the purpose of furthering the policies and goals of the University and the Board of Regents. Its Board of Directors is comprised predominately of University officials and faculty. Its officers are all University officials. The Athletic Association is subject to the oversight, direction and control of the University. Its assets are devoted exclusively to the University's athletic program. The Georgia Supreme Court has held that the records of the Athletic Association are the records of a 'public office.' <u>Macon Tel. Pub. Co. v. Bd. of Regents of the Univ. System of Ga.</u>, 256 Ga. 443, 445, 350 S.E.2d 23 (1986). The Athletic Association is entitled to Eleventh Amendment immunity as to the Plaintiff's claims for monetary damages.

<u>Braswell</u>, 369 F. Supp. 2d at 1376. The Court concludes that the University of Georgia Athletic Association and the individual UGAA Defendants, in their official capacities,[3] are entitled to Eleventh Amendment immunity and, therefore, are entitled to summary judgment as to Plaintiff's defamation claim.

---

[3] It is not clear from the Complaint whether the individual Defendants are sued in their official capacities or in their individual capacities. Therefore, the Court will address both.

7

To the extent Plaintiff asserts a defamation claim against the UGAA Defendants in their individual capacities, the claim is barred by the Georgia Tort Claims Act ("GTCA"). The GTCA, O.C.G.A. §§ 50-21-25 to 50-21-37, provides the exclusive remedy for any tort committed by a state officer or employee. O.C.G.A. § 50-21-25.[4] Pursuant to the GTCA

> A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor. However, nothing in this article shall be construed to give a state officer or employee immunity from suit and liability if it is proved that the officer's or employee's conduct was not within the scope of his or her official duties or employment.

---

[4]The Georgia Constitution provides that:

> Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived.

Ga. Const., Art. I, Sec. II, Par. IX(d)

8

To determine whether an individual is entitled to immunity under the GTCA, the court must determine: (1) whether the GTCA applies to the action; (2) whether the defendant is a state employee, and; (3) whether the defendant's actions were committed within the scope of his employment. Feist v. Dirr, 609 S.E.2d 111, 114 (Ga. Ct. App. 2004). "Where the state employee acts in the prosecution and within the scope of the employer's business, intentional wrongful conduct comes within the scope of employment." Id.; see Minor v. Barwick, 590 S.E.2d 754, 762 (Ga. Ct. App. 2004) (stating that immunity provided by the GTCA applies even if the officer acted with malice and intent to injure).

First of all, this case falls within the coverage of the GTCA because the cause of action arose after the statute's effective date. See Wang v. Moore, 544 S.E.2d 486, 489 n.4 (Ga. Ct. App. 2001) (noting that GTCA applies to causes of action that accrued on or after January 1, 1991). Second, all of the individual UGAA Defendants are employees of the UGAA and were acting within the scope of their employment at all time relevant to this action. Plaintiffs' Complaint asserts that Dooley was acting in his capacity as the Athletics Director of the UGAA. (Pls.' Compl. ¶ 10.) As to Chisholm, Plaintiffs' Complaint alleges that she was at all times acting within the scope of her

9

employment by the UGAA. (Id. ¶ 11.)   As to Tolley, Plaintiffs allege that he acted "jointly and in a symbiotic relationship with others acting under color of state law."  (Id. ¶ 13.)   Specifically, Tolley is alleged to have been an investigator on behalf of the UGAA. (Id. ¶ 20.)  The GTCA definition of an "employee" includes "persons acting on behalf or in service of the State in any official capacity, whether with or without compensation" as well as "any natural person who is a member of a board, commission, committee, task force, or similar body established to perform specific tasks or advisory functions, with or without compensation, for the state or a state government entity." O.C.G.A. § 50-21-22.  The Court finds that each of the individual UGAA Defendants was an "employee" as defined by the GTCA and was acting with the scope of his/her employment at all times relevant to this action.  Therefore, Plaintiff's defamation claim is governed by the GTCA.  Because Plaintiff did not file the required notice of claim under the GTCA, the UGAA Defendants, in their individual capacities, are entitled to summary judgment.

Based on the foregoing, the UGAA Defendants' Motion for Summary Judgment is hereby **GRANTED**.

AO 72A
(Rev.8/82)

## **Conclusion**

Plaintiffs' Motion to Compel Discovery [97] is **DENIED**; Plaintiffs' Motion for Extension of Discovery [104] is **GRANTED,** such that discovery is extended for thirty (30) days from the date of the entry of this Order; and UGAA Defendants' Motion for Summary Judgment [76] is hereby **GRANTED**.

SO ORDERED, this  30th  day of March, 2006.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)